UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| BUTTON MOTORS, INC. d/b/a BUTTON CHRYSLER DODGE JEEP RAM,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES BOWMAN,<br><br>  Defendant. | CAUSE NO.: 4:22-CV-93-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Default Judgment [ECF No. 9], filed by the Plaintiff, Button Motors, Inc., on May 5, 2023. On November 29, 2022, the Plaintiff filed a Complaint [ECF No. 3] against the Defendant, James Bowman. On February 28, 2023, the Plaintiff filed an Affidavit of Process Service [ECF No. 8] certifying that it served the Defendant with copies of the Complaint and summons on February 21, 2023. The Defendant's answer was due on March 14, 2023. The Defendant has not responded, and more than one month has passed since the deadline. In light of the Defendant's failure to respond, the Plaintiff filed the instant Motion for Default Judgment.

Federal Rule of Civil Procedure 55, which governs the entry of default and the entry of default judgment, creates a two-step process: "the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)); *see also Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment."). The first step is satisfied when the clerk of court enters a party's default because it has "failed to

plead or otherwise defend" and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The second step—the entry of default judgment that is anticipated by subsection (b) of the Rule—may only be entered against "a defendant who has been defaulted." Fed. R. Civ. P. 55(b). Because there is no entry of default on the Complaint, the requirements for the entry of default judgment cannot be satisfied and the Plaintiff's Motion for Default Judgment is premature.

## CONCLUSION

For the reasons stated above, the Court hereby DENIES without prejudice the Plaintiff's Motion for Default Judgment [ECF No. 9] and grants the Plaintiff leave to refile the motion upon first obtaining an entry of default.

SO ORDERED on May 17, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT